## Office of Disciplinary Counsel v. Foti

Disciplinary Board Docket no. 89 D.B. 2001.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

WATKINS, *Member,* March 28, 2003—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On June 19, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against Lawrence T. Foti, respondent in these proceedings. The petition charged respondent with violations of the Rules of Professional Conduct in two separate matters. Respondent filed an answer to the petition for discipline on August 7, 2001.

A disciplinary hearing was held on November 27, 2001, before Hearing Committee 2.08 comprised of Chair Arthur W. Lefco, Esquire, and Members Patrick J. Broderick, Esquire, and Lance J. Nelson, Esquire. Samuel C. Stretton, Esquire, represented respondent. Respondent presented the testimony of his treating psychologist and several character witnesses as well as his own testimony.

Following briefing by the parties, the committee filed a report on September 4, 2002 and concluded that respondent violated the Rules of Professional Conduct. The committee recommended that respondent be suspended for a period of three years.

The parties did not take exception to the report of the Hearing Committee.

This matter was adjudicated by the Disciplinary Board at the meeting of December 4, 2002.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg PA 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1950 and was admitted to practice law in Pennsylvania in 1986. His office address is 12 Veterans Square, P.O. Box 744, Media, Pennsylvania 19063. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court.

### Barrett Matter

(3) In September 1995, Dorothy E. Barrett suffered injuries when she was a pedestrian struck by a motor vehicle at an intersection in Media, Pennsylvania.

(4) Ms. Barrett retained respondent to represent her, and he filed a civil action in August 1997 in the Court of Common Pleas of Delaware County.

(5) In March 1999, respondent settled Ms. Barrett's case for $55,000.

(6) Insurance settlement checks representing the aforesaid amount were deposited by respondent into his IOLTA account at PNC Bank in April 1999.

(7) The settlement amount was not only subject to legal fees and costs, but also to an outstanding Medicare

lien and a Pennsylvania Department of Public Welfare lien, which liens were eventually resolved in the amounts of $16,414 and $717.32, respectively.

(8) Subsequent to respondent's deposit of the settlement proceeds into his IOLTA account, he removed the proceeds of that settlement for his own personal uses and purposes.

(9) As a result of respondent's use of the funds, by December 24, 1999, the balance in his IOLTA account had been reduced to below $33,000 and to approximately $3,500 by July 10, 2000.

(10) On July 10, 2000, no distribution had yet occurred of the approximate amount of $33,000, representing the total of Ms. Barrett's share of the recovery and the funds required to satisfy the liens against the settlement.

(11) In December 2000, after the investigation by Office of Disciplinary Counsel commenced, respondent made restitution and distribution of funds to which his client and the lien holders were entitled.

### Fitzgerald Matter

(12) In August 1996, Tanya Fitzgerald and her minor daughter were involved in an automobile accident.

(13) Ms. Fitzgerald retained respondent in November 1996.

(14) In December 1999, the cases were settled in the amounts of $1,000 for Ms. Fitzgerald and $1,700 for her daughter.

(15) By January 2000, respondent had received and deposited all insurance checks received in settlement of the personal injury cases on behalf of his clients.

(16) Respondent failed to forward his clients' shares of the settlement proceeds until October 16, 2000.

(17) In the fall of 2000, respondent sought counseling from a licensed psychologist, Louis Cataldo.

(18) Mr. Cataldo has treated respondent since that time on a two-week basis.

(19) Mr. Cataldo understands the nature of the current disciplinary proceedings against respondent.

(20) Mr. Cataldo diagnosed respondent with a dysthmic disorder, describing him as being depressed for over two years.

(21) In Mr. Cataldo's opinion, respondent has been suffering from depression since his divorce in 1995.

(22) Mr. Cataldo indicated that respondent's depression affected his judgment and ability to concentrate and organize his thoughts.

(23) Mr. Cataldo opined that the depression was the major contributing factor to respondent's misconduct.

(24) Respondent had a positive response to the therapy.

(25) As therapy progressed, respondent gained insight and appreciation of how his illness affected his judgment.

(26) Mr. Cataldo indicated that at the time of the disciplinary hearing respondent had made a major improvement and was only mildly depressed, as opposed to the severe depression he suffered when treatment commenced.

(27) Respondent does not take medication to control the depression, as the therapy has been beneficial.

(28) Respondent used the client funds for office-related expenses and costs, which arose due to his disorganization and inability to prioritize obligations. Prior to entering therapy, respondent was at times unable to even open mail for substantial periods of time.

(29) Respondent has taken steps to rearrange his practice and to better manage it.

(30) Respondent expressed remorse for his misconduct and fully acknowledged that his misconduct was wrong.

(31) Four character witnesses testified on respondent's behalf. Attorneys Nelson Sack, Gregory Prete, Alan Rosenberg, and Edward Weiss testified to respondent's excellent reputation in the community as a truthful and honest person. These witnesses also testified to personal observations that respondent is a very skilled and competent lawyer.

(32) Respondent has no prior record of discipline.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(2) R.P.C. 1.15(a)—A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with the representation separate from the lawyer's own property.

(3) R.P.C. 1.15(b)—A lawyer shall promptly deliver to the client or third person any funds that the client or third person is entitled to receive.

(4) R.P.C. 1.15(c)—When a lawyer is in possession of property in which both the lawyer and another person claims interest, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests.

(5) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

(6) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for discipline charging respondent with serious violations of the Rules of Professional Conduct arising out of misappropriation and conversion of funds and the failure to promptly deliver settlement proceeds to a client. Respondent filed an answer to the petition and entered into a joint stipulation of fact admitting to professional misconduct. Respondent contends that due to a psychiatric disorder he is entitled to mitigation pursuant to *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989).

The first issue to be decided by this board is to determine whether respondent violated any of the disciplinary rules. Petitioner has the burden of proving by clear and satisfactory evidence that respondent violated those rules charged in the petition. Respondent admitted to violating Rules of Professional Conduct 1.15(a), (b), and (c) and 8.4(c) in the Barrett matter. Further, respondent

admitted to violating rules 1.15(b) and 1.3 in the Fitzgerald matter. Petitioner decided not to pursue any of the additional charges in the Fitzgerald matter. Therefore, the board must determine whether respondent violated Rule 8.4(b) in the Barrett matter.

The Hearing Committee found that respondent did violate 8.4(b), as he took funds that belonged to his clients and converted them for his own use for a period of time. By converting these funds, respondent committed a criminal act. The board agrees with the committee's conclusion. Respondent's conduct was criminal in nature and adversely reflected on his honesty, trustworthiness and fitness as lawyer.

The next issue before this board is to determine the sanction to be imposed upon respondent. The appropriateness of a disciplinary sanction is based on the nature and gravity of the misconduct and the aggravating and mitigating factors present. *In re Anonymous No. 85 D.B. 97,* 44 D.&C.4th 299 (1999). The board finds that respondent's misconduct was both serious and grave in nature, and warrants a suspension.

The length of suspension warranted is dependent upon the existence of any aggravating and mitigating factors. The board finds that there are mitigating factors. Respondent presented the testimony of Louis Cataldo, a licensed psychologist. Mr. Cataldo opined that respondent suffers from depression, has suffered from it since approximately 1995, and was suffering from the depression at the time of his misconduct. Mr. Cataldo opined that the depression was a major contributor to the misconduct. Mr. Cataldo described respondent as severely depressed when he first sought treatment, compared to his current

status of mildly depressed. Respondent has responded well to treatment and intends to continue such treatment. Respondent does not currently need medication to control his depression. Mr. Cataldo, in his testimony, demonstrated that he was aware of respondent's personal history as well as his misconduct. Respondent, through the testimony of Mr. Cataldo, has satisfied the *Braun* standard for consideration of his depression as a mitigating factor. See *In re Anonymous No. 66 D.B. 96,* no. 384 disciplinary docket no. 3 (Pa. February 10, 1998), *In re Anonymous No. 104 D.B. 95,* no. 126 disciplinary docket no. 3 (Pa. May 21, 1997). Other mitigating factors the board considered are respondent's sincere remorse and his lack of prior discipline.

The Pennsylvania Supreme Court has imposed suspensions in cases where the *Braun* standard was met and there was no prior history of discipline. In the matter of *In re Anonymous No. 32 D.B. 89,* 13 D.&C.4th 478 (1992), an attorney commingled and converted fees intended for and belonging to the law firm where he was employed. The attorney proved that he had a personality disorder, which caused him to commit the misconduct. The attorney had no prior history of discipline and had an excellent reputation in the community. The court imposed a suspension for a period of three years. In the matter of *In re Anonymous No. 66 D.B. 84,* 17 D.&C.4th 414 (1992), an attorney deposited estate funds into his personal account and withdrew the monies to satisfy personal obligators. The attorney proved that he suffered from bipolar disorder, which caused him to commit the misconduct. The court suspended the attorney for a period of two and one-half years.

Comparing the facts of the above-cited cases with the facts of the instant case, the board finds that a suspension of three years is warranted. This recommendation balances the gravity of respondent's acts with the fact that he suffered from a disorder which substantially caused the misconduct.

The board recommends that respondent be suspended for a period of three years.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Lawrence T. Foti, be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of three years.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Members Schultz and Morris did not participate in the December 4, 2002 adjudication.

## ORDER

And now, July 24, 2003, upon consideration of the report and recommendations of the Disciplinary Board dated March 28, 2003, it is hereby ordered that Lawrence T. Foti be and he is suspended from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.